On Application for Rehearing.
PRO YO STY, J.
The defendant Joe Bertrand, not having made any appearance on the appeal, the court assumed that he had abandoned the case; but the reason of his nonappearance was, it seems, that the appeal, on the contrary, had been abandoned as to him. This is now made to appear by affidavit of plaintiffs’ and appellants’ counsel. Therefore a rehearing is granted as to the demand against Joseph Bertrand, and, unless good reason is hereafter shown to the contrary, judgment will, on the new submission of the case, be accordingly rendered in his favor, affirming as to him the judgment appealed from.
A rehearing is also granted to the defendant MeCamant on his demand for a judgment against I. D. L. Williams for the full amount for which judgment is given him in warranty.
The judgment handed down remains, in all other respects, unaffected.
Statement.
BREAUX, C. J.
There is a disagreement between counsel about an agreement entered into between them in this cause.
Defendants obtained.a judgment in the district court, from which plaintiffs prosecuted *16 an appeal to this court, and here the judgment of the district court was reversed, and a judgment rendered in favor of plaintiffs, decreeing that they (the plaintiffs) are owners of the land they claimed.
Just prior to taking the appeal in the district court by petition and citation, after the court had adjourned, the junior counsel for plaintiffs called upon the senior counsel for defendants and appellees (Mr. Gorham), and requested him to waive service of notice of appeal, which, after some conversation between them, senior counsel consented to do, and did waive service of citation of appeal.
The case was heard by this court on appeal, and judgment rendered as before mentioned.
In the original judgment this court said in substance that defendant Bertrand, owner of 50 acres of the land claimed, called his vendor in warranty and urged many defenses, but that personally he had abandoned his case, as he had not appeared here to sustain his defense as one of the appellees.
The judgment appealed from was reversed, and he was condemned, together with his codefendant, to deliver the land claimed to plaintiffs.
The- court dismissed Bertrand’s call in warranty and his reconventional demand.
An application was made for rehearing by counsel for defendant Bertrand, and in their petition for a rehearing senior counsel Gorham for this defendant averred under oath that he was misled by junior counsel for plaintiffs, who stated to him that:
“They had entirely abandoned any claim on the part of plaintiffs as against said defendant Joseph Bertrand, Jr., during the trial of said ease, and after judgment was rendered on the 3d day of February, 1904, dismissed plaintiffs’ demand.”
That “no appeal was taken by plaintiffs from said judgment in open court, but 10 months thereafter plaintiffs presented a petition for appeal. Junior counsel for plaintiffs came to the office of senior counsel for defendant Bertrand, and said, in substance, that he had abandoned the appeal as to Bertrand; that there would be no demand urged against him on appeal, as brief would show, a copy of which affiant says was promised.”
The appearer stated that he had a valid defense which he, in consequence of assurance before referred to, did not urge. He never saw plaintiffs’ brief, and other averments about to the same tenor are set forth.
The junior counsel of the law firm employed by plaintiffs, after the first opinion had been handed down, on his oath declared that he gave “defendant’s counsel to understand that, inasmuch as the demand for plaintiffs had been dismissed against their client” Joseph Bertrand, Jr. (he, junior counsel), affiant “would make no further claim in his brief against their client, and that he would send them a copy of plaintiffs’ brief”; that Bertrand’s attorneys replied that they would not prepare a brief, as there was no necessity, and affiant assented.
Affiant, the junior counsel for plaintiff, says that he wrote the first part of plaintiffs’ brief from his recollection of the facts, and that he'did state in said brief that:
“During the progress of the suit the claim against Joseph Bertrand, Jr., was abandoned; that G. A. Fournet, the senior member of the firm of Fournet & Fournet, who conducted the case in its entirety before the district court, wrote plaintiffs’ brief in this case, except the first two or three pages thereof, written by affiant as above stated.”
Affiant further declares that he mailed to the address of Gorham & Gorham, attorneys at law, a copy of plaintiffs’ brief.
These agreements were considered by the court on the application for a rehearing. The court held as to Joseph Bertrand as follows:
“But the reason of his nonappearance was, it seems, that the appeal, on the contrary, had been abandoned as to him. This is now made to appear by affidavit of plaintiffs’ and appellants’ counsel. Therefore a rehearing is granted as to the demand against Joseph Bertrand, unless good reason is shown hereafter to the contrary. Judgment will, on the new hearing of the case, be accordingly rendered in his favor, affirming as to him the judgment appealed from.”
Plaintiffs and appellants, through counsel, urge in their brief:
*18 “It is true the suit was dismissed against Joseph Bertrand, Jr., only in so far as the interest of Augustin Crochet, one of the plaintiffs, is concerned. This truth is admitted by his ■counsel. Now, as to the other plaintiffs, the •case stands against Joseph Bertrand, Jr., as well as against his codefendants, in the same position it stood when originally brought.”
Defendant and appellant Bertrand had other defenses than those pleaded by his co-•defendants. He pleaded estoppel in the district court; that the heirs of one of the ancestors in title had consented to the sale of the property which he afterward bought from Ozan Crochet, who had bought from Augustin Crochet, who, in turn, bought from plaintiffs’ father; that the community between plaintiffs’ father and their late mother was in debt; and that, with the consent of these heirs, the property was sold to pay these debts. Evidence was introduced to prove these grounds of defense.
Judgment.
Differences which sometimes arise between •counsel in regard to the scope and extent of their agreement give rise to delicate issues, frequently embarrassing to decide.
It appears to us that each counsel was in •good faith, and that no attempt was made to take undue advantage.
About 10 months had elapsed since the •case had been decided in the district court, .and, when the matter was called up at the time that the appeal was taken, one of the ■counsel for defendant Bertrand, Jr., was under the impression that the case had been ■dismissed in its entirety. The other counsel •did not controvert that assertion made at the time of the waiver of copy of petition and ■citation of appeal, and the consequence was that, when the tables were turned and judgment rendered against defendants, the agreement of counsel was recalled. The junior counsel, anxious, doubtless, not to be placed in the attitude of having sought the least undue advantage, admitted more than he ■should have perhaps.
Upon further investigation, possibly, for the first time after the appeal, it became evident to him that the dismissal related to Joseph Bertrand, Jr., and only to the extent that Augustin Crochet, one of the plaintiffs, who was vendor to the one from whom Bertrand bought, and that the agreement should have been limited to a dismissal as to Augustin Crochet’s title, under which Bertrand held as owner for having bought it from Augustin Crochet’s vendee.
The affidavit of junior counsel does appear to include all interests of Bertrand as a defendant. It is not limited to Augustin Crochet’s title. The decision handed down on the application for a rehearing, now final, has brought the issues within narrow limits. The onus of proof, under the terms of the decision, was with plaintiffs. Upon examination of the questions presented we do not think that this onus has been met sufficiently to justify us in setting aside that which has already substantially been held by this court in the opinion granting a rehearing, and that it only remains for us to affirm the judgment.
It is accordingly ordered, adjudged, and decreed that, as to Joseph Bertrand, Jr., the judgment of the district court is affirmed at appellees’ costs, and that the former judgments handed down in this case, in which there was a rehearing, be accordingly amended.
On Rehearing as to Geo. G. McCamant.
The rehearing as relates to Joseph Bertrand, heretofore passed upon and decided, did not trench upon MeCamant’s application for a rehearing. It did not relate to it at all, and had no reference to it. Therefore the McCamant application is untouched.
Touching McCamant, the rehearing was granted on his demand for judgment against Williams for the full amount for which judgment is given in warranty. That branch of the case is still before us for decision.
Williams and Cooper, warrantors, allege that the rehearing was granted to the de *20 fendant McCamant, and that McCamant asked for a judgment against Williams for the sum of $1,680.
These parties, Williams and -Cooper, say that no judgment should be rendered against them, and ask that this cause be dismissed, or remanded to the district court for further proof.
We must decline to dismiss the cause. It is different as to the prayer to remand the cause.
It appears, by copy of a deed annexed to their application here, that on the 27th day of June, 1905, after the judgment in this cause had been handed down, Williams and Cooper bought from Crochet (plaintiff) the property which the court decided belonged to Crochet.
Their contention since that purchase is that its effect has been to vest the title in George G. McCamant, their warrantee, and that in consequence McCamant is without right to a judgment against them for the purchase price; that their purchase enures to their warrantee’s benefit.
We shall not decide any issues at this time, and rest content, after setting aside our judgment in so far only as relates to McCamant’s claim, and after having ordered the case to be remanded to the lower court for the introduction in evidence of the deed of Crochet before referred to, and for the admission of any further testimony regarding Williams’ liability as warrantor vel non, to go no further.
In other words, the judgment of this court will be set aside as relates to this one issue, i. e., the one before mentioned, to enable Williams and Cooper to be heard on the lines before stated.
This order remanding the cause is given without prejudice to the rights of parties, acquired under the judgment rendered in this case, and in regard to which the rehearing has been refused, save and except as relates to the issue before mentioned, and to-that one to which we will refer in a moment.
Touching the asserted rights of George G. McCamant, the following are his grounds for a rehearing, which have not heretofore been-passed upon (it was not specially brought to the court’s attention), viz.: The original opinion allows his claim, as warranteeagainst his vendors, Williams and Cooper jointly, for the sum of $1,680; same being one-half of the purchase price paid by Mc-Camant to said Williams and Cooper.
McCamant’s contention is that Williams separately and alone owes him $1,680, and that Cooper and Williams of said amount owe-him $840.
Sales were made as alleged by Crochet to Williams, by Williams to Cooper, and by Cooper and Williams to McCamant.
These sales .contain the warranty clause.
Since the case has to be remanded to the lower court to the extent before mentioned,, we remand this issue, also, to be decided at the same time with the question above mentioned.
It is therefore ordered, adjudged, and decreed that the judgment to the extent before-mentioned be recalled, reversed, and annulled.
We remand the cause only to the extent,, before mentioned, after the case shall have-been reinstated the court shall admit the evidence before mentioned, and decide the issues stated, both as relates to the warranty clause and to the amount, if any, to-which McCamant (warrantee) is entitled.
In order to avoid possible error in matter-of title, the parties to the litigation shall have the right, during six judicial days, to-file any application they may choose for rehearing, to the extent only that the causéis remanded. In all other respects the causéis finally disposed of, and rehearing is refused.